# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TJUAN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0664-CVE-FHM |
| | ) |
| DAVID ALLCORN, and JAMES HALLETT, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Defendant Sheriff James Hallett's Motion for Summary Judgment and Brief in Support (Dkt. # 59) and Defendant Sheriff James Hallett's Motion for Confession of Judgment and Brief in Support (Dkt. # 70). Sheriff Hallett seeks judgment on plaintiff's claim for violation of her Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983. Plaintiff has not responded to the motion for summary judgment or the motion for confession of judgment.

## I.

On September 13, 2007, plaintiff was arrested and booked into the Nowata County Jail. Plaintiff alleges that, on the night of September 27, 2007, or the early morning of September 28, 2007, while she[1] was still in custody in the Nowata County Jail, she was sexually assaulted by defendant David Allcorn. Allcorn was, at the time, employed by the Nowata County Jail as a jailer/dispatcher. Plaintiff alleges that Allcorn approached plaintiff's cell and demanded that plaintiff perform oral sex on him. Plaintiff alleges that she complied because she was afraid of Allcorn. The next day, September 29, 2007, plaintiff informed jailer Jodie Hayes that she had been

---

[1] The complaint refers to the plaintiff as a female, Dkt. # 2, but plaintiff was arrested and jailed as a male. Dkt. # 59-1 at 1. Prior orders have referred to plaintiff as a male. See, e.g., Dkt. ## 44, 64. However, in this order, the Court will refer to plaintiff in the manner in which she refers to herself in the complaint.

assaulted. Hayes relayed plaintiff's allegations to Lieutenant Brady Johnson. Lieutenant Johnson met with plaintiff, and plaintiff repeated the allegations. Lieutenant Johnson informed Major Mickey Bradshaw of the situation, and Major Bradshaw joined the meeting with Lieutenant Johnson and plaintiff. Lieutenant Johnson and Major Bradshaw then spoke with plaintiff's friend, who had been arrested with plaintiff and jailed in a nearby cell, and the friend confirmed plaintiff's allegations. Additionally, Lieutenant Johnson and Major Bradshaw reviewed the security camera footage for the night in question, which corroborated plaintiff's allegations.

At this point, Lieutenant Johnson and Major Bradshaw informed Sheriff Hallett of plaintiff's allegations. Sheriff Hallett immediately suspended Allcorn and informed the Oklahoma State Bureau of Investigation (OSBI) of the situation. On September 30, 2007, Sheriff Hallett terminated Allcorn, who was subsequently arrested and charged with one count of forcible sodomy. Allcorn pleaded no contest and received a three year suspended sentence.

Sheriff Hallett has submitted an affidavit in support of his summary judgment motion, in which he states that he was not present at the jail at the time of the incident and was not personally involved in the assault. Sheriff Hallett further states that he is not aware of any pattern of prior sexual contact between Nowata County inmates and jail personnel, nor is he aware of any circumstances that would have led him to believe that Allcorn was likely to have engaged in such activity. Dkt. # 59-7. Sheriff Hallett states in his affidavit that, at the time of plaintiff's allegations, the Nowata County Jail had a policy in place that prohibited sexual contact between jail staff and inmates. Id. Plaintiff testified that, on the night of the assault, she did not see Sheriff Hallett. Dkt. # 59-4 at 21. Plaintiff further testified that she had been told of two other prisoners that had previously been assaulted in the Nowata County Jail, but she knew the name of only one of the alleged prior victims. Id. at 3.

2

Plaintiff filed the complaint on October 18, 2010, alleging violation of her Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983. The complaint states that defendants are each sued in their official and individual capacities. On December 2, 2011, Sheriff Hallett filed his motion for summary judgment. Dkt. # 59. On December 12, 2011, plaintiff's counsel filed a motion to withdraw as plaintiff's attorney and requested that the Court extend the deadline for plaintiff to respond to the summary judgment motion. Dkt. ## 60, 61. On December 13, 2011, this Court entered an Order granting plaintiff's counsel leave to withdraw "effective upon the entry of appearance of substitute counsel, or upon the filing of a statement by plaintiff, to the effect that he wishes to represent himself in this matter." Dkt. # 64 at 1. Counsel was further ordered to "actively serve as counsel by . . . adhering to dates previously set by this Court until such time as the conditions set forth in the Order have been met with full compliance." Id. at 1-2. Finally, the Court extended the deadline for plaintiff to respond to the summary judgment motion to January 6, 2012.

On January 23, 2012, Magistrate Judge McCarthy entered a Report and Recommendation stating that neither plaintiff nor her attorney appeared for a scheduled January 19, 2012 conference, and recommending that this Court dismiss the case for failure to prosecute in light of plaintiff and her attorney's failure to appear and failure to comply with the December 12, 2011 order. Dkt. # 74. On February 2, 2012, plaintiff, pro se, filed an objection to the report and recommendation, stating that she failed to appear at the conference due to a mistake and that she thought that she had found new counsel, but that counsel subsequently declined to take the case. Dkt. # 79. Based on plaintiff's representations, this Court rejected the Report and Recommendation and ordered plaintiff to inform the Court by February 17, 2012 as to whether she would proceed without counsel. Dkt. # 80. Plaintiff filed a notice on February 17, 2012 stating that she would be proceeding pro se. Dkt. # 83. Plaintiff never responded to Sheriff Hallett's motion for summary judgment.

3

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(a) mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56[a], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Even though plaintiff has failed to respond to Sheriff Hallett's motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). Under LCvR 7.2(f), "[i]f a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional fourteen (14) days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following fourteen (14) days after filing." Plaintiff's response was due on January 6, 2012, and more than 14 days have passed since Sheriff Hallett filed his motion for confession of judgment. Due to plaintiff's failure to respond to either the motion for summary judgment or the motion for confession of judgment, Sheriff Hallet's motion for summary judgment is deemed confessed and the material facts stated therein are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

**A.  Individual Capacity Claim**

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). In order to establish individual liability under § 1983, a plaintiff must show: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d

5

1228, 1232-33 (10th Cir. 2007). Plaintiff alleges that defendants violated her Fifth and Fourteenth Amendment rights to be free of violations of bodily integrity without due process of law.

Plaintiff's claim against Sheriff Hallett in his individual capacity is based on supervisory liability. Tenth Circuit precedent is clear that, for the purpose of a § 1983 claim, "a sheriff is responsible for the proper management of the jail in his county and the conduct of his deputies." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). However, "mere negligence is insufficient to establish supervisory liability." Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999). To establish a claim of supervisory liability under § 1983, a plaintiff must plead and prove that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). In Dodds, the Tenth Circuit cited the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and explained that a plaintiff must allege that the defendant's "individual actions cause a constitutional deprivation." 614 F.3d at 1200. For a § 1983 claim based on supervisory liability, a plaintiff may establish the necessary individual action by showing an affirmative link between the unconstitutional acts of a subordinate and the adoption of a policy authorizing or approving of the misconduct. Id. at 1201.

There is no evidence in the summary judgment record of any affirmative link between Allcorn's acts and the policies adopted by Sheriff Hallett. Sheriff Hallett testified that the jail policies prohibit sexual contact between jailers and inmates. There is no evidence that this policy was in any way inadequate or insufficiently communicated to the jailers. Further, there is no evidence that Sheriff Hallett provided inadequate training to the jailers. Finally, there is no evidence that Sheriff Hallett knew or should have known that Allcorn would sexually assault an inmate.

Because there is no basis on which to find that Sheriff Hallett is liable in his individual capacity for a violation of plaintiff's rights under § 1983, Sheriff Hallett's motion for summary judgment against him in his individual capacity must be granted.

**B.      Official Capacity Claim**

Sheriff Hallett also argues that plaintiff's claim against him in his official capacity is subject to summary judgment. A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents, and is considered under the standard applicable to § 1983 claims against municipalities or counties. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010). In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 482-83 (1986); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 127-28 (1988). A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 404 (1997)).

Plaintiff has not identified any policy promulgated by Sheriff Hallett that plaintiff alleges caused a violation of her constitutional rights. Plaintiff has not identified any specific lapse in the surveillance measures, the training programs, or the supervision of personnel that directly caused the deprivation of plaintiff's rights. While plaintiff has alleged that two prior sexual assaults occurred in the jail, plaintiff's conclusory account of events based on hearsay is insufficient to create

7

a disputed issue of fact. See Thomas v. International Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (inadmissible hearsay will not defeat summary judgment). There is simply no evidence from which a fact finder could find that an official policy or custom of Sheriff Hallett led directly to plaintiff's assault. Thus, summary judgment must be granted to Sheriff Hallett in his official capacity.

**IT IS THEREFORE ORDERED** that Defendant Sheriff James Hallett's Motion for Summary Judgment and Brief in Support (Dkt. # 59) and Defendant Sheriff James Hallett's Motion for Confession of Judgment and Brief in Support (Dkt. # 70) are **granted**. Defendant Hallett is terminated as a party defendant.

**IT IS FURTHER ORDERED** that Defendant James Hallett's Motion in Limine and Brief in Support (Dkt. # 63) is **deemed moot**.

**DATED** this 7th day of May, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE